JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
Tel.: (408) 292-1040
Fax.: (408) 292-1045

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ MANRIQUEZ, ALDO BACENAS, JAVIER VALLEJO RENTERIA, AMADOR MARTINEZ GONZALEZ, FERNANDO CABREA GUZMAN, ELIAZARB ROJAS BLANCAS, ALEJANDRO SANCHEZ MALDONADO, JUAN CARRILLO, SALAVADOR RENTERIA and EDDY SAUL RAMOS,<br>    Plaintiffs,<br><br>vs.<br><br>TODD GOODRUM dba TODD GOODRUM CONSTRUCTION, OSCAR RODRIGUEZ, JELA INVESMENTS INC. dba TPB SIGNATURE HOMES, THOMAS BANGS, BYRON GREGORY, JUDETH GREGORY and DOES 1-10<br><br>    Defendants | Case No: C07-03442 CW<br><br>AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200; and<br>4) Violation of California Labor Code Section 201;<br>5) Violation of California Labor Code Section 226;<br>6) Violation of California Labor Code Section 226.7; and<br>7) Breach of Employment Contract. |

## NATURE OF CLAIM

1. This is an action on behalf of JOSE GONZALEZ MANRIQUEZ, ALDO BACENAS, JAVIER VALLEJO RENTERIA, AMADOR MARTINEZ GONZALEZ, SALVADOR

COMPLAINT - 1

1. GOMEZ RENTERIA, FERNANDO CABREA GUZMAN, ELIAZARB ROJAS BLANCAS, ALEJANDRO SANCHEZ MALDONADO, EDDY SAUL RAMOS, AND JUAN CARRILLO who had been employed on an hourly basis by TODD GOODRUM CONSTRUCTION during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**SUBJECT MATTER JURISDICTION AND VENUE**

2. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

3. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

**PARTIES**

4. At all times relevant herein, Plaintiffs JOSE GONZALEZ MANRIQUEZ, ALDO BACENAS, JAVIER VALLEJO RENTERIA, AMADOR MARTINEZ GONZALEZ, SALVADOR GOMEZ RENTERIA, FERNANDO CABREA GUZMAN, ELIAZARB ROJAS BLANCAS, ALEJANDRO SANCHEZ MALDONADO, EDDY SAUL RAMOS, AND JUAN CARRILLO were employees of TODD GOODRUM CONSTRUCTION.

5. At all times relevant herein, individual defendant TODD GOODRUM was an individual doing business as TODD GOODRUM CONSTRUCTION.

6. At all times relevant herein, individual defendant OSCAR RODRIGUEZ was an individual doing business as TODD GOODRUM CONSTRUCTION.

7. At all times relevant herein, TODD GOODRUM CONSTRUCTION was a Sole Proprietorship and the employer of all Plaintiffs.

8. Defendant JELA INVESTMENT INC. is a California Corporation doing business as T.P.B. or T.P.B. SIGNATURE HOMES. JELA is the general contractor who sub-contracted TODD GOODRUM CONSTRUCTION to build the house located on the property located at 1789 Durrow Ct., Vallejo, California ("Construction Project") for which Plaintiffs were not properly paid.

9. DEFENDANTS BYRON GREGORY AND JUDETH GREGORY are the owners of the property at 1789 Durrow Ct., Vallejo, California on which the Construction Project was built.

10. Individual Defendant THOMAS BANGS ("BANGS") is the owner of JELA INVESTMENT INC. and resides in Placerville California.

11. Individual defendants THOMAS BANGS ("BANGS") and Does 1 through 10, inclusive, are liable for the acts of defendant JELA as the alter egos of defendant JELA. Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled defendant JELA. Plaintiffs is informed and believes, and thereon alleges, that Defendants Does 1 through 10, inclusive, have:

   a. Commingled funds and other assets of defendant JELA and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

COMPLAINT - 3

b. Diverted funds and other assets of defendant JELA to other than corporate uses;

c. Treated the assets of the defendant JELA as their own;

d. Failed to obtain authority to issue shares or to subscribe to issue shares of defendant JELA;

e. Failed to maintain minutes or adequate corporate records of defendant JELA;

f. Failed to adequately capitalize or provide any assets to defendant JELA; and

g. Diverted assets from defendant JELA to themselves to the detriment of creditors, including Plaintiffs and other hourly employees.

## GENERAL ALLEGATIONS

12. At all times relevant herein, Plaintiffs were employees of defendant TODD GOODRUM CONSTRUCTION, as laborers to build the construction project.

13. Plaintiffs were, according to information and belief, employees of TODD GOODRUM CONSTRUCTION acting in the normal course and scope of employment duties.

14. During the months of August and September of 2006 the Plaintiffs constructed the building located at 1789 Durrow Ct., Vallejo, California.

15. During the course of Plaintiffs' employment with TODD GOODRUM CONSTRUCTION, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

16. Plaintiffs were paid on an hourly basis.

17. Plaintiffs did not perform "exempt" duties in Plaintiffs' positions with TODD GOODRUM CONSTRUCTION and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and Plaintiffs' primary job did not require Plaintiffs to exercise independent discretion and

judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of Plaintiffs' working time.

18. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of TODD GOODRUM CONSTRUCTION where Plaintiffs customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did Plaintiffs participate in the development of general administrative policies of TODD GOODRUM CONSTRUCTION.

19. Defendants JELA INVESTMENT INC, THOMAS BANGS, BYRON GREGORY AND JUDETH GREGORY, and Does 1 and 2 violated California Labor Code §2810 by contracting for construction services to complete the Construction Project when they knew or should have known that the contract did not provide sufficient funds to allow the contractor to comply with all applicable local, state and federal laws or regulations governing the labor or services to be provide. As such Defendants JELA INVESTMENT INC, THOMAS BANGS, BYRON GREGORY AND JUDETH GREGORY, and Does 1 and 2 should be liable for all of the causes of action alleged herein pursuant to California Labor Code §2810, sub. G.

**COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510**
**FAILURE TO PROPERLY PAY OVERTIME WAGES**

20. Plaintiffs re-allege and incorporate paragraphs 1-19 as if fully stated herein.

21. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

COMPLAINT - 5

22. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

23. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

24. Defendants therefore owe Plaintiffs an approximate amount at or above $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS, representing overtime wages not properly paid to Plaintiffs.

25. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

26. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

27. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

### COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PROPERLY PAY OVERTIME WAGES

28. Plaintiffs re-allege and incorporate paragraphs 1-27 as if fully stated herein.

29. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and

Plaintiffs was an individual employee covered by virtue of Plaintiffs' direct engagement in interstate commerce.

30. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

31. Although Plaintiffs were not so exempt during employment with TODD GOODRUM CONSTRUCTION, defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

32. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

33. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

34. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

35. Defendants therefore owe Plaintiffs approximately $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS representing the amount of overtime not properly paid to Plaintiffs.

36. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
### FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

37. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-36 as if fully stated herein.

38. At the time Plaintiffs' employment with TODD GOODRUM CONSTRUCTION was terminated, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

39. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

40. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, an amount totaling approximately $8,400.00 to JOSE GONZALEZ MANRIQUEZ, $3,120.00 to ALDO BACENAS, $3,600.00 to JAVIER VALLEJO RENTERIA, $3,600.00 to AMADOR MARTINEZ GONZALEZ, $4,800.00 to FERNANDO CABREA GUZMAN, $3,120.00 to ELIAZARB ROJAS BLANCAS, $3,120.00 to ALEJANDRO SANCHEZ MALDONADO, $3,120.00 to JUAN CARRILLO, $3,600.00 to SALVADOR RENTERIA, and $3,120.00 to EDDY SAUL RAMOS.

41. Pursuant to Labor Code Section 218.5, Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

42. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. At all times relevant herein, Plaintiffs' employment with TODD GOODRUM CONSTRUCTION was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

45. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

46. During the period Plaintiffs was employed with TODD GOODRUM CONSTRUCTION, defendants failed to pay Plaintiffs legally required overtime pay to which Plaintiffs were legally entitled, with defendants keeping to themselves the amounts which should have been paid to Plaintiffs.

47. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

48. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an approximate amount at or above $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS.

49. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

50. Plaintiffs, having been illegally deprived of the overtime pay to which Plaintiffs were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in the approximate amount of $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**
**INADEQUATE PAY STATEMENTS**

51. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-50 as if fully stated herein.

52. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address and name of the employer.

53. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

54. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

55. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

56. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

57. Plaintiffs are therefore legally entitled to recover $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS in actual damages caused by defendants' failure to provide proper records.

58. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs and fees under California Labor Code §226.

## COUNT SIX: FAILURE TO PROVIDE MEAL / REST PERIODS
## CALIFORNIA LABOR CODE SECTION 226.7

59. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-58 as if fully stated herein.

60. At all time relevant herein, Plaintiffs employment with TODD GOODRUM CONSTRUCTION was subject to California Labor Code Section 226.7 which requires employers to provide employees a ten-minute rest period for every four hours worked and a thirty-minute meal break for every five hours worked, unless expressly exempted.

61. During their employments with TODD GOODRUM CONSTRUCTION Plaintiffs worked at least 11 hours per day and were not provided with any meal or rest periods as required by law.

62. For each time Plaintiffs were not provided with the proper meal and/or rest periods they are entitled to recover one additional hour of pay at their regular rate pursuant to §226.7.

63. Plaintiffs are therefore entitled to recover approximately $1,470.00 to JOSE GONZALEZ MANRIQUEZ, $546.00 to ALDO BACENAS, $630.00 to JAVIER VALLEJO RENTERIA, $630.00 to SALVADOR GOMEZ RENTERIA, $630.00 to AMADOR MARTINEZ GONZALEZ, $840.00 to FERNANDO CABREA GUZMAN, $546.00 to ELIAZARB ROJAS BLANCAS, $546.00 to ALEJANDRO SANCHEZ MALDONADO, $546.00 to JUAN CARRILLO, and $546.00 to EDDY SAUL RAMOS.

64. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs and fees under California Labor Code §218.5 and §218.6.

## COUNT SEVEN: BREACH OF EMPLOYMENT CONTRACT

65. Plaintiffs re-allege and incorporate paragraphs 1-64 as if fully stated herein.

66. Plaintiffs allege that the defendant TODD GOODRUM CONSTRUCTION had promised to pay them certain wages for the services performed.

67. Defendant TODD GOODRUM CONTRUCTION has failed to pay to Plaintiffs any of the promised wages even though Plaintiffs have fully performed all of their obligations per the employment contract.

68. As a direct and proximate result of the breach by defendant TODD GOODRUM CONSTRUCTION Plaintiffs have suffered damages in the form of lost wages in the approximate amounts of $16,170.00 to JOSE GONZALEZ MANRIQUEZ, $6,006.00 to ALDO BACENAS, $6,930.00 to JAVIER VALLEJO RENTERIA, $6,930.00 to AMADOR MARTINEZ GONZALEZ, $9,240.00 to FERNANDO CABREA GUZMAN, $6,006.00 to ELIAZARB ROJAS BLANCAS, $6,006.00 to JUAN CARRILLO, $6,930 to SALVADOR GOMEZ RENTERIA, $6,006.00 to ALEJANDRO SANCHEZ MALDONADO, and $6,006.00 to EDDY SAUL RAMOS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

69. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in the amount of approximately $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS;

70. For liquidated damages per the FLSA equal to unpaid overtime wages in the amount of approximately $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ

MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS;

71. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in the amount of approximately $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS;

72. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in the amount of approximately $8,400.00 to JOSE GONZALEZ MANRIQUEZ, $3,120.00 to ALDO BACENAS, $3,600.00 to JAVIER VALLEJO RENTERIA, $3,600.00 to AMADOR MARTINEZ GONZALEZ, $4,800.00 to FERNANDO CABREA GUZMAN, $3,120.00 to ELIAZARB ROJAS BLANCAS, $3,120.00 to ALEJANDRO SANCHEZ MALDONADO, $3,120.00 to JUAN CARRILLO, $3,600.00 to SALVADOR RENTERIA, and $3,120.00 to EDDY SAUL RAMOS;

73. For approximately $2,945.00 to JOSE GONZALEZ MANRIQUEZ, $1,183.00 to ALDO BACENAS, $1,365.00 to JAVIER VALLEJO RENTERIA, $1,365.00 to AMADOR MARTINEZ GONZALEZ, $1,820.00 to FERNANDO CABREA GUZMAN, $1,183.00 to ELIAZARB ROJAS BLANCAS, $1,183.00 ALEJANDRO SANCHEZ MALDONADO, $1,183.00 to JUAN CARRILLO, $1,365.00 to SALVADOR RENTERIA and $1,183.00 to EDDY SAUL RAMOS in damages for inadequate pay statements pursuant to California Labor Code Section 226;

74. For approximately $1,470.00 to JOSE GONZALEZ MANRIQUEZ, $546.00 to ALDO BACENAS, $630.00 to JAVIER VALLEJO RENTERIA, $630.00 to AMADOR MARTINEZ GONZALEZ, $840.00 to FERNANDO CABREA GUZMAN, $546.00 to ELIAZARB ROJAS BLANCAS, $546.00 to ALEJANDRO SANCHEZ MALDONADO, and $546.00 to EDDY SAUL RAMOS for employer's failure to provide meal and rest breaks required by California Labor Code §226.7;

75. For approximately $16,170.00 to JOSE GONZALEZ MANRIQUEZ, $6,006.00 to ALDO BACENAS, $6,930.00 to JAVIER VALLEJO RENTERIA, $6,930.00 to AMADOR MARTINEZ GONZALEZ, $9,240.00 to FERNANDO CABREA GUZMAN, $6,006.00 to ELIAZARB ROJAS BLANCAS, $6,006.00 to JUAN CARRILLO, $6,930 to SALVADOR GOMEZ RENTERIA, $6,006.00 to ALEJANDRO SANCHEZ MALDONADO, and $6,006.00 to EDDY SAUL RAMOS for breach of employment contract by failure to pay any wages due.

76. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

77. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

78. For costs of suit herein; and

79. For such other and further relief as the Court may deem appropriate.

COMPLAINT - 15

Friday, July 13, 2007

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

COMPLAINT - 16

JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
Tel.: (408) 292-1040
Fax.: (408) 292-1045

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ MANRIQUEZ, ALDO ) Case No:
BACENAS, JAVIER VALLEJO RENTERIA, )
AMADOR MARTINEZ GONZALEZ, ) DEMAND FOR JURY TRIAL
FERNANDO CABREA GUZMAN, )
ELIAZAR ROJAS BLANCAS, ALEJANDRO )
SANCHEZ MALDONADO, JUAN )
CARRILLO, SALAVADOR RENTERIA and )
EDDY SAUL RAMOS, )
     Plaintiffs, )
)
vs. )
)
TODD GOODRUM dba TODD GOODRUM )
CONSTRUCTION, OSCAR RODRIGUEZ, )
JELA INVESMENTS INC. dba TPB )
SIGNATURE HOMES, THOMAS BANGS, 
BYRON GREGORY, JUDETH GREGORY 
and DOES 1-10

     Defendants

Plaintiffs demands a jury trial.

COMPLAINT - 17