JAMES DAL BON # 157942
LAW OFFICES OF JAMES DAL BON
28 North 1st Street Suite 210
San Jose, CA 95113

Tel (408)297-4729
Fax (408)297-4728

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ MANRIQUE ET AL<br><br>    Plaintiffs,<br>vs.<br><br>TODD GOODRUM dba TODD GOODRUM CONSTRUCTION ET AL<br><br>    Defendants | Case No.: C07-03442 CW<br><br>NOTICE OF MOTION TO AMEND THE COMPLAINT, TRANSFER VENUE, EXTEND TIME TO SERVE TODD GOLDRUM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

PLAINTIFFS HEREBY GIVE NOTICE THAT on April 17th, 2008 at 2:00 pm courtroom 2 of the 4th Floor of the United States District Court at 1301 Clay Street, Suite 400, Oakland, CA 94612-5212 will motion the court to amend the complaint to add the real names of two defendants sued under the names Doe 1 and Doe 2, transfer the case to the Eastern District Northern California Court and extend the time to serve Defendant Todd Goodrum. The motion is based upon this motion and the attached Memorandum of Points and Authorities.

                                          s/jdb
                                JAMES DAL BON
                                LAW OFFICES OF JAMES DAL BON
                                28 North First Street #210
                                San Jose, CA 95113

1

Case No.: C07-03442

**Amend the Complaint**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND AMENDED COMPLAINT

STATEMENT OF FACTS

Plaintiffs are all Spanish speaking day laborers living in Alameda and Contra Costa County.  Defendants hired Plaintiffs to build a house in Vallejo, California.  Plaintiffs built the home for the Defendants for a two month period from August of 2006 to September of 2006.  Plaintiffs filed a complaint against Todd Goldrum, Todd Goldrum Construction and other defendants on June 29, 2007.  Due to Plaintiffs inability to speak English, Plaintiffs did not obtain the correct spelling of Todd Goldrum's name, nor the address of his shop.  Dec of James Dal Bon pp1-2

After a futile effort to find Todd Goldrum, Plaintiffs counsel reviewed similar sounding names from the state contractor web site.  The name was most likely "Todd Goodrum".  Therefore we amended the complaint to change the name to Todd Goodrum doing business as "Todd Goodrum Construction".  Ex. 1 pp 3-7

On December 7, 2007 Plaintiff's counsel received an e-mail from the attorney representing Thomas Bangs, Jela Investments, Byron Gregory and Judith Gregory.  The letter was sent by regular mail on November 27, 2007.  In the letter the Defendants claim that Todd Goodrum lived at 2836 Conbar Court, Sacramento, CA 95826.  Ex 2 pp8-11

Plaintiffs attempted to have Todd Goodrum served at this address and failed several

times. The investigator Plaintiffs' counsel hired have been able to locate Mr. Todd Goodrum at that address.  Ex 3 pp 12-15

In an e-mail sent to Plaintiff's counsel on December 18, 2007, the contractor is listed as "Todd Goodrum Construction" Ex 4 pp16-35.  The Contractor's License number listed on the contract is 794864.   The license number belongs to Goodrum Builders.  John Goodrum is the qualifying  partner of "Goodrum Builders" Ex 4 p32

The reality is that Defendants John Goodrum and Todd Goodrum did business under "Goodrum Builders".  John Goodrum was the qualifying partner under the license.  John Goodrum has a different place of business under a different license number.  Ex 1 pp 3-7 The job was performed under a $10,000 bond issued by Surety Pacific in Van Nuys California.   Ex 1 pp5, 7.

Plaintiff now knows who the true Defendants are in the case.  None of the Defendants fall within the jurisdiction of the Northern California District Court.

Plaintiff requests the following changes to the complaint be made:
1)     The Plaintiff dismisses Byron Gregory as a Defendant to the Complaint with prejudice.
2)      The Plaintiff dismisses Judith Gregory as a Defendant to the Complaint with prejudice.
3)     The Court dismiss Oscar Rodriguez as a Defendant to the complaint under Federal Rule of Civil Procedure 4(m)
4)     The Plaintiff adds John Goodrum as a Defendant to the complaint.
5)     The Plaintiff adds Goodrum Builders as a Defendant to the complaint.

3

Case No.: C07-03442

**Amend the Complaint**

6) The Plaintiff adds Surety Pacific Insurance Company as a Defendant to the complaint.

7) The court allow Plaintiff to file the Second Amended Complaint with the aforementioned changes attached as Ex 6

8) The court transfer the case to the Eastern District where all the defendants reside and the loss of wages occurred.

9) The court give Plaintiff more time to serve Todd Goodrum. Plaintiff believes that his partner John Goodrum will cooperate in having Todd Goodrum served.

ARGUMENT

Amend the Complaint.

Rule 15 of the Federal Rules of Civil procedure mandates that leave to amend be freely granted whenever justice requires. This policy is applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). On several occasions the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.' " Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir.1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " Webb, 655 F.2d at 979 (citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir.1960) (per curiam)).

This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398-99 (9th Cir.), cert. denied, 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir.1986), is not sought in bad faith, Howey, 481 F.2d at 1190-91, and does not constitute an exercise in futility.

4

Case No.: C07-03442

**Amend the Complaint**

Klamath, 701 F.2d at 1293. Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Loehr, 743 F.2d at 1319; Howey, 481 F.2d at 1190. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. Webb, 655 F.2d at 980; Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.1981).

    Plaintiffs do not move to amend the complaint in bad faith. In this case the Plaintiffs all speak Spanish as their native language. There was a great deal of confusion as to who employed them. The Plaintiffs initially believed a Todd Goldrum had employed them. It was not until December 18, 2007 when plaintiffs received the contract they knew the correct name, "Goodrum Builders" not "Todd Goodrum Construction", of their employer. The contractor's license number, 794864, on the contracts belongs to Goodrum Builders. John Goodrum is the qualifying partner.

    In this case there is no prejudice to the defendants. Discovery has not started and the Plaintiff is moving to have the case transferred to their district. Furthermore amendment of the complaint is not futile. John Goodrum is the partner of Todd Goodrum and the contract to build the home was performed under his license number. Goodrum Builders and John Goodrum also have a bond which can be attached for unpaid wages. John Goodrum apparently has another address, or yard, where he can be served. There is statute of limitations problem. The plaintiffs are still within the two year statute of limitations to file for unpaid wages under an oral contract and the two and three statute of limitations to file for overtime violations under the Fair Labor and Standards Act.

    Plaintiffs' counsel apologizes for any delay in bringing this motion, particularly between December and now. Plaintiff's counsel broke off from his partnership in January, which has

5

Case No.: C07-03442

Amend the Complaint

caused somewhat of a back log. Nevertheless, considering that the plaintiffs are still within the statute limitations, and that "undue delay" is insufficient to deny leave to amend, the court should allow the plaintiffs' proposed amendments to the complaint.

b. Venue

If plaintiff commences the action in the wrong district or division, the federal court will, upon timely and proper motion dismiss the action for improper venue; or "if it be in the interest of justice" transfer the case to any district or division where it could have been brought (i.e., where venue would have been proper). [28 USC § 1406(a); see District No. 1, Pacific Coast District v. Alaska (9th Cir. 1982) 682 F2d 797, 799]. Assuming timely and sufficient objection to improper venue, transfer or dismissal is mandatory. However, in deciding whether to transfer rather than dismiss the case outright, the court has some discretion; i.e., it must find that transfer, rather than dismissal, is "in the interest of justice" (below). [28 USC § 1406(a)]

Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal. Transfer avoids any statute of limitations problems and the necessity of filing and serving a new action. [Minnette v. Time Warner (2nd Cir. 1993) 997 F2d 1023, 1026–1027] However, transfer is appropriate only if "in the interest of justice." Thus, in deciding whether to transfer rather than dismiss the case outright, the court must consider the basic equities of the case, including the following: Judicial economy and whether another action would necessarily be filed; the bar of the statute of limitations and whether, because of the statute of limitations, dismissal is overly harsh; and the relative injustice imposed on plaintiff and defendant. [See Goldlawr, Inc. v. Heiman (1962) 369 US 463, 467, 82 S.Ct. 913, 916; King v. Russell (9th Cir. 1992) 963 F2d 1301, 1304–1305]

    The plaintiffs respectfully request that the Honorable District Court Judge transfer this case to the properly venued United States Eastern District Court, Northern California in the

interest of justice. If the case is dismissed, the plaintiffs will re-file the same action in the Eastern District. It would be easier to simply transfer this case. A transfer would save the court time and costs. There is no injustice imposed on the Defendants, since they will be forced to answer the complaint if a new one is filed. Plaintiffs are dismissing the homeowners , Byron and Derek Gregory. The Plaintiffs on the other hand will be forced to pay to re-file their complaint and then start the process of serving the defendants once again.

c. Service

Except as noted below, service must be made upon defendant within 120 days of filing of the complaint. Otherwise, the court has authority to dismiss the action as to that defendant. Federal Rule of Civil Procedure 4(m). However if "good cause" for the delay is shown, the court must extend the time for service. But if unable to show "good cause," plaintiff must throw himself or herself on the mercy of the court: i.e., the court must either dismiss the action or give plaintiff more time ("direct that service be effected within a specified time"). [Henderson v. United States (1996) 517 US 654, 662–663, 116 S.Ct. 1638, 1643–1644; United States v. McLaughlin (7th Cir. 2006) 470 F3d 698, 700]. In the Ninth Circuit absent prejudice to defendant or anyone else, or to the court itself, it "cannot be an abuse of discretion" to extend the time for service even after expiration of the 120–day period. [United States v. McLaughlin, supra, 470 F3d at 701; Mann v. American Airlines (9th Cir. 2003) 324 F3d 1088, 1090].

In this case there is good cause to extend the time to serve the complaint. The Defendant Todd Goodrum incorrectly listed his place of business as 2836 Conbar Court, Sacramento, CA 95826. The Co-defendants asserted that this was his address and plaintiffs found no trace of a business or Defendant Todd Goodrum. Nevertheless plaintiffs believe that Todd Goodrum's partner, John Goodrum, will assist in locating Todd Goodrum once he is served. Thus good cause exists to extend the time to serve Todd Goodrum.

Respectfully Submitted:

March 7, 2008


_____s/jdb_____
James Dal Bon
Attorney for the Plaintiffs