IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ MANRIQUEZ, ET AL., | No. C 07-3442 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT, TRANSFER VENUE AND EXTEND TIME TO SERVE DEFENDANT GOODRUM |
| v. | |
| TODD GOODRUM dba TODD GOODRUM CONSTRUCTION, ET AL., | |
| Defendants. | |

Plaintiffs Jose Gonzalez Manriquez, Aldo Bacenas, Javier Vallejo Renteria, Amador Martinez Gonzalez, Salvador Gomez Renteria, Fernando Cabrea Guzman, Eliazarb Rojas Blancas, Alejandro Sanchez Maldonado, Eddy Saul Ramos and Juan Carrillo move to amend their complaint, transfer venue and to extend time to serve Defendant Todd Goodrum. No Defendant has answered the complaint or filed an opposition to Plaintiffs' motion. The matter was submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Plaintiffs' motion.

BACKGROUND

Plaintiffs are Spanish-speaking day laborers living in Alameda and Contra Costa Counties who were hired to work on a new home

being built in Vallejo, California for Byron and Judith Gregory. Plaintiffs allege that they worked on the house in August and September, 2006. Plaintiffs filed a complaint on June 29, 2007, naming Todd Goldrum dba Todd Goldrum Construction, Oscar Rodriguez dba Todd Goldrum Construction, Deron Gregory, Judith Gregory, Jela Investments Inc. dba TPB Signature Homes, Thomas Bangs and a number of Doe Defendants. Docket No. 1. Plaintiffs allege that Jela subcontracted with Todd Goldrum Construction to build the Gregorys' house and that Todd Goldrum Construction in turn hired Plaintiffs. Plaintiffs allege claims under California and federal law based on Defendants' failure to pay them overtime wages, failure to provide meal and rest periods and for other unpaid wages.

On August 31, 2007, after discovering the correct spelling of the subcontractor's name, Plaintiffs filed an amended complaint changing the spelling of "Todd Goldrum" to "Todd Goodrum." Plaintiffs provide evidence that they have attempted to serve Goodrum at the address listed on the Contractors State License Board website for Goodrum Builders but were not able to locate him. Plaintiffs also allege that they now know that Goodrum Builders is run by Todd Goodrum and John Goodrum and that the work on the Gregory home was performed under a $10,000 surety bond issued by Surety Pacific in Van Nuys, California.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a), leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by

2

the underlying purpose of Rule 15--to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight, and that delay alone is an insufficient ground for denying leave to amend.  Webb, 655 F.2d at 980.  Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility.  Id. (citing Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir.), cert. denied, 479 U.S. 816 (1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986), cert. denied, 482 U.S. 914 (1987); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.), cert. denied, 464 U.S. 822 (1983)).

                              DISCUSSION

Plaintiffs now seek leave to make several modifications to their complaint and lawsuit.  Each of those changes is discussed separately below.

I.    Dismiss claims against Byron and Judith Gregory

Plaintiffs state that they seek to dismiss Byron and Judith Gregory as "Defendant[s] to the Complaint with prejudice."  Motion at 3.  Plaintiffs have not filed any evidence that they have served the Gregorys.  However, the Gregorys filed with the Court a copy of a letter that they sent on November 21, 2007 to Plaintiffs' counsel.  Docket No. 11.  In that letter, the Gregorys point out that they paid their contractor in full and ask that they be dropped as Defendants from the suit.  In addition, Plaintiffs submit a letter dated November 27, 2007 from an attorney confirming that Plaintiffs granted Bangs, Jela and the Gregorys a twenty-day extension to respond to the complaint.  Dal Bon Decl., Ex. 2.  According to the letter, the deadline for those Defendants to respond was December 17, 2007.  No Defendant has answered the complaint or moved to dismiss.

The Court grants Plaintiffs' request to dismiss with prejudice their claims against the Gregorys.

II.   Dismiss claims against Rodriguez

Plaintiffs also seek to dismiss their claims against Oscar Rodriguez.  Plaintiffs state that they seek this dismissal pursuant to Federal Rule of Civil Procedure 4(m), which provides, "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  More than 120 days have passed since Plaintiffs filed their amended complaint.  Plaintiffs' claims against Rodriguez are dismissed

4

without prejudice.

III. Add Defendants to complaint

Plaintiffs next seek to add claims John Goodrum, Goodrum Builders and Surety Pacific Insurance Company as Defendants. Plaintiffs argue that this proposed amendment is not made in bad faith, will not prejudice the proposed additional defendants and is not futile. As Plaintiffs note, the statute of limitations has not run on any of their claims. Therefore, they could file their claims against these Defendants in a separate lawsuit if the amendment is not permitted. In addition, discovery has not yet begun in this case. Plaintiffs' counsel states that he is responsible for any delay in moving to add these Defendants. The Court grants Plaintiffs' motion to add claims against John Goodrum, Goodrum Builders and Surety Pacific Insurance Company as Defendants.

IV.  Extension of time to serve Todd Goodrum

Plaintiffs next seek additional time to serve their complaint on Defendant Todd Goodrum. Under Federal Rule of Civil Procedure 4(m), "if the plaintiff shows good cause for the failure [to comply with the 120 day deadline to serve defendants], the court must extend the time for service for an appropriate period." Plaintiffs submit the declaration of the certified process server who attempted to serve the complaint on Todd Goodrum prior to the expiration of the 120 days. Moreover, as stated above, the statute of limitations has not run on Plaintiffs' claims. Thus, even if Plaintiffs were not permitted the extension, they would be able to re-file their claims and Goodrum cannot claim that he would be

5

1 prejudiced by the extension.  The Court grants Plaintiffs an
2 additional sixty days to serve their complaint on Todd Goodrum.
3 V.   Service of other Defendants
4      Plaintiffs have not filed proof that they have served Jela
5 Investments Inc. or Thomas Bangs, the remaining Defendants named in
6 the first amended complaint.  Although more than 120 days have
7 passed since the complaint was filed, Plaintiffs have not moved to
8 extend time for service with respect to those Defendants.  Within
9 seven days of the date of this order, Plaintiffs shall file either
10 proof that they have served Jela and Bangs or a motion showing that
11 they have good cause for failing to do so.  If Plaintiffs do
12 neither, the Court will dismiss their claims against Jela and Bangs
13 without prejudice.  See Fed. R. Civ. P. 4(m).
14 VI.  Transfer of venue
15      Finally Plaintiffs seek to transfer their case to the Eastern
16 District of California.  As Plaintiffs note, this case should have
17 been brought in the Eastern District, where all of the Defendants
18 reside and where the work took place.  See 28 U.S.C. § 1391.  If a
19 case is filed in an improper district, the district in which it is
20 filed "shall dismiss, or if it be in the interest of justice,
21 transfer such case to any district or division in which it could
22 have been brought."  28 U.S.C. § 1406(a).  Plaintiffs argue, and
23 the Court agrees, that transfer rather than dismissal would best
24 serve the interests of justice because Plaintiffs would re-file the
25 same action in the Eastern District if this case is dismissed.

CONCLUSION

27      For the foregoing reasons, the Court GRANTS Plaintiffs' motion

6

(Docket No. 17). Plaintiffs may file their amended complaint within seven days of the date of this order. Thereafter, the case shall be transferred to the Eastern District of California.

IT IS SO ORDERED.

Dated: 4/8/08

CLAUDIA WILKEN
United States District Judge